IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| MOHAMMAD ILEIWAT, | § |
| --- | --- |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:17-CV-076-A |
| | § |
| ENVIRONMENTAL PRODUCTS | § |
| INTERNATIONAL, INC., | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration and decision the motion of defendant, Environmental Products International, Inc., for summary judgment on the claims of plaintiff, Mohammad Ileiwat, against it. Having considered the motion, the response, the reply, the applicable legal authorities, and the entire summary judgment record, the court finds that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff initiated the above-captioned action on May 13, 2016, by the filing of an original petition in the District Court of Tarrant County, Texas, 67th Judicial District. On January 23, 2017, the action was removed to this court. Plaintiff's claims are that defendant engaged in unlawful employment practices on the basis of religion in violation of Title VII of the Civil

Rights Act of 1964, as amended. Doc. 20 at 1, ¶ 1.[1] His live pleading is his Second Amended Complaint. In summary form, plaintiff alleged the following:

Plaintiff is an American who practices the Islamic faith and beliefs. Id. at 3, ¶ 13. For twelve years, plaintiff was employed by defendant as a sales person, "often setting his own working hours." Id. at 3, ¶ 16. "On or about September 25, 2015, Plaintiff received a text message from Defendant stating that Defendant was firing Plaintiff for not working on September 24, 2015." Id., ¶ 14. September 24, 2015, was a holy day in the Islamic faith. Id., ¶ 15. Plaintiff explained to his supervisor that he did not work because it was a holy day in his faith, but the supervisor did not accept that explanation and responded that he should have worked, and that he "didn't want to hear it was your holiday, either." Id., ¶¶ 17 & 18. The decision to terminate plaintiff's employment was on the basis of his religious beliefs, and defendant's failure to accommodate plaintiff's religious practices violates section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e2(a)(1), with the result that defendant deprived plaintiff

---

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:17-CV-076-A.

of equal employment opportunities because of his religious beliefs. Id., ¶¶ 19 & 20.

As a result of his termination by defendant, plaintiff has suffered, and will continue to suffer, mental anguish. Plaintiff requested, as relief, actual and punitive damages to account for lost back wages, lost future wages, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, as well as reasonable and necessary attorney's fees.

II.

## Grounds of the Motion

Defendant asserts that summary judgment on plaintiff's claims against it is proper because (1) plaintiff cannot establish a prima facie case of religious discrimination in violation of Title VII because there is no summary judgment evidence that he (a) informed defendant that his religious beliefs conflicted with an employment requirement or (b) suffered an adverse employment decision because of his failure to comply with a conflicting employment requirement, (2) because the summary judgment evidence establishes the existence of legitimate, nondiscriminatory reasons, for defendant's decision to terminate the employment of plaintiff, and plaintiff has provided no summary judgment evidence that those reasons were pretext for religious discrimination, and (3) plaintiff's claim

for emotional pain and suffering and mental damages fails because plaintiff has not provided specific, individualized proof that he sustained any such harm.

III.

Undisputed Summary Judgment Evidence

Plaintiff began working for defendant as a telephone sales representative during or around August 2001 at the company's office in Fairview, New Jersey. Doc. 23 at 002, ¶ 4. In his role as a sales representative, plaintiff was primarily charged with cultivating by telephone contacts an ongoing business relationship with an assigned list of current or prospective customers. Id. Plaintiff's supervisor during his employment was Sean Carney ("Carney"), one of two co-owners of defendant company. Id. at 002-3, ¶¶ 1-2 & 6. At the time plaintiff was hired, Carney, who participated in the hiring process, knew that plaintiff practiced Islam. Id., ¶ 4. One of plaintiff's sisters, who also practices Islam, was already employed by defendant. Id. at 003, ¶¶ 4, 8, & 016-17. Since plaintiff began working for defendant in 2001, three more of plaintiff's siblings, all of whom are members of the Islam faith, have been employed by defendant. Id. at 016-17.

In 2007, when plaintiff moved to Arlington, Texas, defendant continued to employ plaintiff. Id. at 003, ¶ 5. Plaintiff was

4

required to work according to a certain schedule set by the company. Id. at 003-4, ¶¶ 10-13, & 024, 032.

As part of their faith, plaintiff and his siblings observed religious holidays, often requesting time off from work whenever the observance interfered with their work schedules. Doc. 23 at 003, ¶ 7-8, & 025. When made, such requests were regularly accommodated by defendant. Id. at 003, ¶ 8, & 005, 025.

Plaintiff is not aware of any time when defendant told one of his sisters that they were not allowed to take off work for religious holidays; and, plaintiff never requested to take off for religious holidays when he was not allowed to do so. Id. at 025.

In the years leading up to plaintiff's termination, his sales performance began declining significantly. Id. at 003, ¶ 9, & 007-10. Whatever the reason for his decline in sales, it was dramatic. Though plaintiff earned for the company $309,556.10 and $325,075.56 in 2012 and 2013, respectively, that figure was down to $280,000.00 in 2014. Id. at 003, ¶ 9, & 008-10. Plaintiff's projected sales, had he remained employed by defendant through the end of 2015, were expected to total only $160,000.00. Id. at 003, ¶ 9, & 007.

In addition to declining sales performance, there was a concern within the company that plaintiff was frequently failing

to report for work in a timely fashion. Id. at 003, ¶ 10, & 033-34.

Defendant ultimately decided to fire plaintiff after plaintiff failed to work two shifts, on consecutive days. Id. at 004, ¶¶ 12-13. Plaintiff was scheduled to work the morning shift and the afternoon shift on September 23, 2015, and the afternoon shift on September 24, 2015. Id. at 004, ¶ 12. He worked his September 23, 2015 morning shift, but did not work the two afternoon shifts. Id.

On September 25, 2015, Carney sent a text message to plaintiff notifying him that he was being terminated from the company. Id. at 004, ¶ 13. The text message read:

> You did not sell last night??? Your leaving no choice between yours sales , and working only 3 hrs weds , and then not working yesterday and I don't want to hear it was your holiday either you could [ask off] days like your sister was , we have to part ways business wise , it much work screening . . . plus I wait for you every Friday have to call to wake u up same on Saturdays , then you missed yours again , I hope no hard feelings but I need to change the company and get new people[.]

Doc. 23 at 022; Doc. 27 at 025-26 (errors in original).

Plaintiff does not think he was fired because he practices Islam. Doc. 23 at 026.

IV.

Analysis

A.  Pertinent Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states that the court shall grant summary judgment on a claim or defense if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  The summary judgment movant bears the initial burden of showing that there is no genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).  The movant can carry this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmovant's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmovant must identify specific evidence in the record and articulate the precise manner that creates a genuine dispute of material fact.  Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  A fact is material if it might affect the outcome of the case under the governing law.

Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a rational fact finder could resolve the dispute in favor of either party. Id.

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 597 (1986); see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

B.  The Title VII Claim

Title VII provides, in relevant part, that an employer shall not "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . religion," 42 U.S.C. § 2000e-2(a)(1), and it obligates employers to reasonably accommodate the religious observances of its employees whenever doing so would

not place "undue hardship on the . . . employer's business." Id. at 2000e(j).

1. There Is No Direct Evidence in the Summary Judgment Record of Religious Discrimination

While plaintiff contends in its response that the nondiscriminatory reasons given by defendant for terminating plaintiff's employment were "mere pretext for his termination," doc. 25 at 2, his response does not suggest anything that would constitute direct evidence of religious discrimination by defendant. Rather, plaintiff seems to base his case on a contention that the summary judgment evidence establishes a prima facie case for religious discrimination. As the court explains under the heading that immediately follows, not only is there no direct evidence of religious discrimination, plaintiff has adduced no summary judgment evidence that would establish a prima facie case.

2. Plaintiff Failed to Adduce Evidence Establishing a *Prima Facie* Case of Religious Discrimination

The Fifth Circuit "analyzes a Title VII claim for a failure to accommodate religious observances under a burden-shifting framework akin to the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden-shifting framework." Davis v. Fort Bend Cnty., 765 F.3d 480, 485 (5th Cir. 2014). If there is no direct evidence of religious

9

discrimination, "[t]he employee must first establish a prima facie case of religious discrimination." Id. (citing Antoine v. First Student, Inc., 713 F.3d 824, 831 (5th Cir. 2013)). If he does, "the burden shifts to the defendant to demonstrate either (a) that it reasonably accommodated the employee, or was unable to reasonably accommodate the employee's needs without undue hardship," id., or (b) that it had a legitimate, nondiscriminatory reason for its employment decision.

To establish a prima facie case, a plaintiff must present evidence that (1) he held a bona fide religious belief, (2) such belief conflicted with a requirement of employment, (3) the employer was informed of plaintiff's belief, and (4) plaintiff suffered an adverse employment action for failing to comply with the conflicting employment requirement. Tagore v. United States, 735 F.3d 324, 329 (5th Cir. 2013) (citing Bruff v. N. Miss. Health Servs., Inc., 244 F.3d 495, 499 n. 9 (5th Cir. 2001)).

Defendant does not challenge the sincerity of plaintiff's religious belief. Instead, defendant argues that plaintiff has not offered evidence in support of the remaining elements of a prima facie failure to accommodate case. Particularly, defendant contends that "[p]laintiff has not provided any proof that he requested time off from work to observe Eid al-Adha," nor has he offered evidence that working his shifts on the evening before

10

the holiday and the evening of the holiday interfered with his religious celebrations. Doc. 22 at 9. Instead, he said in his deposition that he celebrated the holiday by attending his regular mosque in the morning, then sharing a meal with friends, ending his celebrations "around brunch, lunchtime." Doc. 23 at 014.

Plaintiff offered no evidence that he asked off for either of the shifts he missed on September 23rd and 24th. Plaintiff instead argues that his supervisor knew that September 24, 2015, was a religious holiday for him. He said that the company "was aware that it was [his] holiday that day" because he and his sisters had "been working there for a long time and it's like almost on schedule," id. at 023, and that, as a result, defendant could not terminate him for taking that day off, id. But this contention, even if true, does not satisfy plaintiff's burden. Nor does it explain why plaintiff was absent from work on the day prior to the religious holiday.

Moreover, plaintiff has offered no evidence to suggest that his religious convictions required him to have the entire day of Eid al-Adha off from work. In fact, when asked if he took this holy day off every year he worked for defendant, plaintiff testified he only took off if his work schedule conflicted with his celebrations. Specifically, he explained, "If it was a

11

morning shift, I would take off. If it was a night shift, I would work . . . ." Id. at 024. This testimony, at best, establishes that plaintiff needed to have off from work the morning hours of September 24, 2015, in order to observe a religious holiday in accordance with his faith. The law only requires that an employer make reasonable accommodation for religious conflicts, see Bruff, 244 F.3d at 501 n. 17 (citations omitted), and plaintiff has provided no evidence that working his scheduled shifts in the afternoon or evening of either of the days in question presented a conflict with plaintiff's religious observation, much less a conflict of which defendant was aware.

3. Defendant Had a Legitimate, Nondiscriminatory Reason for Terminating Plaintiff's Employment, and Plaintiff Has Offered No Evidence of Pretext

Defendant has presented in the summary judgment record legitimate, nondiscriminatory reasons, for defendant's termination of employment of plaintiff. His supervisor explained:

> In making the made the decision to terminate Plaintiff, I considered his only his declined sales performance and attendance issues. I did not terminate Plaintiff on the basis of his religious beliefs or any other discriminatory basis.

Doc. 23 at 004, ¶ 14 (errors in original). While the text message from Carney is not as articulate as might be desired, its content makes clear that factors other than religious

12

discrimination were the reasons why plaintiff's employment was terminated. Supra at 6. The fact that the message indicates that the supervisor anticipated, after the fact, that plaintiff might end up taking the position he is taking in this litigation provides no evidence of pretext.

Plaintiff's argument that defendant's proffered reason was mere pretext for religious discrimination does not accurately state the reasons given by his supervisor for the termination decision. Compare Doc. 25 at 2, with Doc. 23 at 004, ¶ 14. His pretext contention is somewhat inconsistent with plaintiff's deposition admission that he does not think he was fired because of his practice of Islam. Doc. 23 at 026. Plaintiff simply has not shown that the reasons for his termination of employment were pretext for religious discrimination.

C.  Past and Future Mental Anguish Claims

Plaintiff seeks from defendant damages for mental anguish experienced after defendant allegedly wrongfully terminated him in violation of Title VII. Because the court finds that summary judgment on plaintiff's Title VII failure to accommodate claim is to be granted, plaintiff's claim for mental anguish damages must also fail. If the court had reached the mental anguish issue, the court would have concluded that such a claim is supported by the summary judgment record.

To be entitled to mental damages for a Title VII claim, "a plaintiff must show a discernable injury to the victim's mental state and submit evidence regarding the nature and extent of the alleged harm." E.E.O.C. v. WC&M Enterprises, Inc., 496 F.3d 393, 402 (5th Cir. 2007)(citing Vadie v. Miss. State Univ., 218 F.3d 365, 376 (5th Cir. 2000)).

When asked what emotional pain and suffering plaintiff experienced as a result of him being terminated by defendant, plaintiff stated the following:

> Maybe some kind of like -- maybe some kind of -- not betrayal but like -- you know, how we were like close. I worked there for so long, it was kind of hurtful and just not being able to -- you know, working there for so long and then -- you know, being used to the money, I guess, and not -- not used to it. And going somewhere else looking for a job, you know, and coming back with background checks and kind of -- it was kind of embarrassing kind of, you know.

Doc. 23 at 042. And, when questioned further about what he meant by "betrayal," plaintiff explained that betrayal was too strong of a word to describe what he felt as a result of the situation, and that instead he felt as if he had been overlooked by the company owners. Id. Plaintiff finally admitted that after being fired, plaintiff experienced no physical issues, such as loss of sleep. Id.

Plaintiff's vague testimony that losing his job was "hurtful" and "embarrassing" does not provide the particularity

14

or extensiveness necessary to speak "to the nature, extent, and duration of the claimed emotional harm in a manner that portrays a specific and discernable injury," Brady, 145 F.3d at 720, and could not support a claim for mental anguish damages.

V.

Conclusion and Order

The court concludes that plaintiff has failed to adduce any summary judgment evidence suggesting that plaintiff's need for a religious accommodation was a motivating factor in defendant's decision to terminate plaintiff's employment. Nor did plaintiff adduce any summary judgment evidence that the reasons defendant has given for terminating plaintiff's employment were mere pretext for religious discrimination. Therefore, the court is granting defendant's motion for summary judgment.

The court ORDERS that all claims and causes of action asserted by plaintiff against defendant in the above-captioned action be, and are hereby, dismissed.

SIGNED January 29, 2018.

JOHN McBRYDE
United States District Judge